UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 23-81-DLB-CJS

KYLE BANKS and JANICE BANKS                                PLAINTIFFS

v.                   **MEMORANDUM OPINION AND ORDER**

FARMERS PROPERTY AND
CASUALTY INSURANCE COMPANY                           DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**I.     INTRODUCTION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (Doc. # 28). Plaintiffs having filed their Response (Doc. # 33), and the time for filing a reply having now lapsed with no reply being filed, the Motion is now ripe for review. For the following reasons, Defendant's Motion is **granted**.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises from a dispute between homeowners, Kyle and Janice Banks, and their insurance company, Farmers Property and Casualty Insurance Company. Plaintiffs contracted with Defendant for homeowners' coverage for their residence in Butler, Kentucky. (Doc. # 33 at 2).

On or about March 3, 2023, a wind and hailstorm caused damage to their property, including their roof, gutters, and siding. (*Id.*). Plaintiffs allege they promptly notified Defendant of this damage and "have satisfied all conditions precedent to pursue a bona fide and valid property loss claim" under their policy. (*Id.*). Plaintiffs allege Defendant

1

"wrongfully denied the claim, without a substantial basis in law or fact, to support such a denial" under the subject insurance policy. (*Id.*).

For its part, Defendant acknowledges that a wind and hailstorm damaged Plaintiffs' property, and that the property damage caused by the storm is covered by Plaintiffs' policy. (Doc. # 28-1 at 1). However, Defendant disputes the assertion that it denied Plaintiffs' claim. (*Id*). On March 14, 2023, Defendant hired Global Risk Solutions, Inc. ("Global") to inspect Plaintiffs' property for damage caused by the storm. (*Id.*). Global inspected Plaintiffs' property and found damage to "two downspouts, a hose bib, and some vinyl siding and estimated that the repair/replacement cost for those damages was $1,871.54." (*Id.*; Docs. # 28-3 and 28-4). On or about March 22, 2023, Defendant mailed Plaintiffs a check for $655.25, which represented "the repair/replacement cost value of $1,871.54, less depreciation of $216.29, and less the Plaintiffs' $1,000 deductible." (Docs. # 28-1 at 2, and 28-4). Defendant further alleges that "[w]ithout any further communication or correspondence, on May 9, 2023, Plaintiffs filed the instant lawsuit against Farmers . . . ." (Doc. # 28-1 at 2).

On June 19, 2023, Defendant filed a notice of removal in this Court asserting diversity jurisdiction. (Doc. #1). On May 29, 2024, this Court issued a memorandum opinion and order disposing of four of Plaintiffs' claims. (*See* Doc. # 21). Defendant now moves for Summary Judgment on Plaintiffs' sole remaining claim for breach of contract. (Doc. # 28).

2

## III.   ANALYSIS

### A.   Standard of Review

A motion for summary judgment should be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, no genuine dispute exists where no reasonable jury could return a verdict for the nonmoving party. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998). The moving party bears the burden of showing the absence of a genuine issue of material fact. *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008).

Once the movant has satisfied its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It must produce evidence showing that a genuine factual issue remains. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000). If, after reviewing the record as a whole, a rational fact finder could not find for the non-moving party, summary judgment should be granted. *Ercegovich*, 154 F.3d at 349.

Moreover, the trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Rather, the "nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th

3

Cir. 2001). Lastly, the Court must draw all reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587.

Additionally, federal courts apply the substantive law of the forum state in diversity actions. *See City of Wyanotte v. Consol. Rail Corp.*, 262 F.3d 581, 585 (6th Cir. 2001) (citing *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994)). Accordingly, Kentucky substantive law will apply to Plaintiffs' claim for breach of contract.

### B.     Breach of Contract

Defendant makes three arguments for why summary judgment should be granted in its favor: (1) Plaintiffs' claim is "demonstrably false," because Defendant never denied their claim; (2) Defendant did not breach the contract by acting in bad faith because this Court already dismissed Plaintiffs' claims for common law and statutory bad faith; and (3) Plaintiff has not presented evidence that the repairs they demand are covered by their policy with Defendant. (Doc. # 28-1 at 7–12). Because the Court agrees that Plaintiffs have not presented evidence that they are entitled to coverage, the Court need not address Defendant's other proposed grounds for summary judgment.[1]

#### 1.     Proof of Coverage

Defendant argues that "Plaintiffs have not produced evidence or expert testimony regarding the scope of damage that was caused by the March 3, 2023, weather event." (Doc. # 28-1 at 9). In their Response, Plaintiffs point out that their "non-retained expert witness, Jon Spadafore," provided an estimate for a full siding and roof replacement,

---

[1] However, the Court notes that, to the extent Count II of Plaintiffs' Complaint can be construed to also include a cause of action for breach of the covenant of good faith and fair dealing, that claim fails as well. (Doc. # 1-1 ¶ 27) ("Defendant, Farmers breached its duty of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions . . ."). Plaintiffs did not respond to Defendant's argument regarding the covenant of good faith and fair dealing. (*See* Doc. # 33). Therefore, that argument has been waived by Plaintiffs.

4

which they believe creates a "reasonable rebuttal to Defendant's position that the damage did not exceed the deductible." (Docs. # 33 at 6 and 33-3). Defendant acknowledges the existence of Spadafore's estimate in their Motion, however, they argue that "[the] replacement cost estimate did not make any statements or express any opinions on the condition of Plaintiffs' roof, gutters, and siding, and it did not address the scope of any damage to Plaintiffs' home." (Doc. # 28-1 at 9). Thus, Defendants argue, Plaintiffs have presented no evidence that a full siding and roof replacement is covered by their policy because they have failed to show it was damaged by the March 3, 2023, wind and hailstorm. (*Id.*).

Under Kentucky law, "the burden is on the beneficiary [of an insurance policy] to establish . . . by some evidence, his right to recover." *N. Am. Accident Ins. Co. v. White*, 80 S.W.2d 577, 578 (Ky. 1935); *see also Ryan P. Estes, D.M.D., P.S., P.S.C. v. Cincinnati Ins. Co.*, 542 F.Supp.3d 585, 590 (E.D. Ky. 2021) ("Under Kentucky law, the burden is on the insured to establish coverage."). In doing so, the insured must demonstrate that the injury sustained was caused by a covered event. *Hunt v. Life & Cas. Ins. Co. of Tenn.*, 204 S.W.2d 588, 589 (Ky. 1947) (Where plaintiff sued for breach of insurance contract, the Kentucky Supreme Court's predecessor affirmed a directed verdict in defendant insurance company's favor because plaintiff did not establish, or even contend, that there was a "causal relationship between the accident and the death of the insured [despite the fact that it] was incumbent upon the plaintiff to show such a causal relation.") (citations omitted); *White*, 80 S.W.2d at 578 ("where the policy covers an injury or death sustained in a particular manner, the accident causing either must be within the stipulations as set forth therein"); *Travelers Indem. Co. of Am. v. Tew*, No. 5:20-cv-292-JMH, 2021 WL

5

5380944 at *3 (E.D. Ky. Nov. 17, 2021) ("The party seeking to establish coverage bears the burden of establishing that the incident at issue was within the scope of the policy.") (alterations omitted) (quoting *Secura Ins. Co. v. Gray Constr., Inc.*, 717 F.Supp.2d 710, 714–15 (W.D. Ky. 2010).

Plaintiffs have failed to meaningfully respond to Defendant's argument that they are entitled to more coverage than they have already received. The only evidence they have proffered is an estimate of what a complete siding and roof replacement would cost, and the conclusory statement in their Response that Defendant's "estimate did not include the full amount of the damages that the home sustained." (Doc. # 33 at 4; *see* Doc. # 33-3). That estimate is devoid of any statements about whether a full siding and roof replacement is required, and if so, what caused a full siding and roof replacement to become necessary. (*See* Doc. # 33-3). There is simply no evidence in the record showing that a full roof and siding replacement is necessary because of the March 3, 2023 hail and windstorm.

Plaintiffs, citing *Hill v. Auto-Owners Mutual Insurance Co.*, argue that because there are "two vastly divergent opinions regarding the wind related damage," the Court should deny Plaintiffs' Motion, as the severity of the damages is a question properly reserved for a jury. (Doc. # 33 at 6–7 (citing No. 4:19-cv-78, 2021 WL 9036597 at (E.D. Tenn. Dec. 13, 2021))). This argument misses the mark. In *Hill*, the court determined that the plaintiffs had produced enough evidence, through their expert witnesses, that there was a genuine issue of material fact as to the nature and extent of the damage caused by a tornado, and whether the tornado in fact caused the damage. *Hill*, 2021 WL 9036597 at *2–3. Here, unlike in *Hill*, Plaintiffs have offered no evidence to show that the

6

wind and hailstorm damaged their home to such an extent that a complete siding and roof replacement are necessary. It is the Plaintiffs' burden to show a causal relationship between a covered event and the damages alleged. *Hunt*, 204 S.W.2d at 589. The Plaintiffs have not done so here; therefore Defendant's Motion for Summary Judgment is **granted**.

### *2.  Reasonable Expectations Doctrine*

In their Complaint, Plaintiffs argue that they should be compensated by Defendant under the doctrine of reasonable expectations. (*See* Doc. # 1-1 at ¶ 24). In its Motion, Defendant argues that this doctrine does not apply in this context. (Doc. # 28-1 at 11). Plaintiffs' only response to Defendant's argument was to submit that "Plaintiffs reasonably expected to have coverage of the subject windstorm/hailstorm loss." (Doc. # 33 at 2). "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). This statement is wholly insufficient to overcome summary judgment.

Moreover, Defendant's argument that the doctrine of reasonable expectations does not apply in this context is well taken.

> The gist of the doctrine is that the insured is entitled to all the coverage he may reasonably expect to be provided under the policy. Only an unequivocally conspicuous, plain and clear manifestation for the company's intent to exclude coverage will defeat that expectation.
>
> . . . .
>
> The doctrine of reasonable expectations is used in conjunction with the principle that ambiguities should be resolved against the drafter in order to circumvent the technical, legalistic and complex contract terms which limit benefits to the insured.

7

*Brown v. Ind. Ins. Co.*, 184 S.W.3d 528, 540 (Ky. 2005) (quoting *Simon v. Cont'l Ins. Co.*, 724 S.W.2d 210, 212–13 (Ky. 1986)).  Neither Plaintiffs' Complaint, nor their Response identify any portion of their policy as ambiguous, nor is the Court aware of any.  (*See* Doc. # 1-1 and 33).  The doctrine of reasonable expectations is not applicable in this context.

IV.     **CONCLUSION**

Thus, for the reasons articulated herein, **IT IS ORDERED** that:

(1)     Defendant's Motoin for Summary Judgment (Doc. # 28) is **GRANTED**;

(2)     This matter is **STRICKEN** from the Court's active docket; and

(3)     A **Judgment** in favor of Defendant will be entered contemporaneously herewith.

This 8th day of May 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2023\23-81 MOO Re MSJ.Docx